KIERNAN J. GUILFOYLE, Respondent, *against* ROBERT J. AN-
DERSON, Appellant. THOMAS CORR, Respondent, *against*
ROBERT J. ANDERSON, Appellant.

(Decided February 2d, 1880.)

A discharge of a debtor, under the United States Bankruptcy Act, is a
valid defense to an action for moneys of others received by the debtor
and not paid over by him, where his relation to the parties was such
that he might mingle such moneys with his own, without by that act
alone making himself liable to an action, and where a cause of action
could only arise upon his failure to account for and pay over such moneys
upon a demand duly made. Such a liability is not a debt created by the
bankrupt " while acting in any fiduciary capacity," within the exception
contained in the Bankruptcy Act.

APPEALS from judgments of a district court in the city of
New York.

The actions were brought to recover money received by the
defendant to the use of the plaintiffs. The defendant in these
actions kept a boarding stable at which a large number of gen-
tlemen boarded their horses, and it would appear from the
evidence that it is the custom in such cases for the boarding
stable-keeper to have the wagons of his customers repaired and
their horses shod, and for the boarding stable-keeper at the
end of each month to collect the carriage-maker's and farrier's
bills with his own, and then pay over the amount collected for
each to them.

The bills for stabling and the bills of the carriage-maker and
farrier were paid in one payment to the stable-keeper, and it
was not expected that the stable-keeper should keep separate
from his own funds the amounts collected for the carriage-
maker and farrier.

The defendant having collected in this way certain bills of
the carriage-maker and farrier, and having failed to pay over
the money thus collected, these actions were brought.

The defendant proved a discharge in bankruptcy, and the

justice, notwithstanding, having rendered judgment in favor of the plaintiffs, these appeals are taken.

*T. V. Cator*, for appellant.

*E. P. Wilder*, for respondents.

Van Brunt, J.—[After stating the facts as above.]—If the understanding of the parties had been that the defendant should collect the plaintiffs' bills separate from his own and turn over the identical money collected, it might be that the discharge in bankruptcy would be no defense. But the evidence in these cases shows that the defendant was to collect the plaintiffs' bills with his own,—if paid in a check, by one check, if paid in money, in one amount,—no particular money being set aside for any particular bill, and was expected to mingle the money thus collected with his own, and to account and pay over the amounts which he collected every month.

There was no breach of trust in mingling the money collected with his own. Such commingling gave no cause of action against the defendant, and a cause of action only arose upon a failure to account for and pay over the moneys collected upon a demand duly made for that purpose.

The case of *Hennequin* v. *Clews* in the court of appeals (77 N. Y. 427), and the case of *Rowe* v. *Guilleaume* (18 Hun, 556), and the cases therein cited, dispose of this question. In numerous cases cited in *Hennequin* v. *Clews*, it has been held that in a case where goods have been sent to an agent to sell and remit the proceeds, if the agent fails to remit, and an action is brought against him, a discharge in bankruptcy is a good defense, and such a case is in all respects similar to the one at bar.

The case of *Rowe* v. *Guilleaume* was just as strong as the one at bar, and upon the authorities above cited it was held that the discharge was a bar.

The construction set upon the term "fiduciary capacity" in these cases expressly excludes agencies as such. If the party is in such a position that he can commingle the moneys re-

ceived with his own without by that act alone making himself liable to an action, then he is entitled to the benefit of the bankrupt act.

I am of the opinion, therefore, that the discharge in bankruptcy was a good defense, and the judgment should be reversed.

CHARLES P. DALY, Ch. J., concurred.

Judgments reversed.